**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

―――――――――

No. 05-6708

―――――――――

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

CHARLES WILLIAMS,

Defendant - Appellant.

―――――――――

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk.  Henry Coke Morgan, Jr., Senior District Judge.  (CR-00-8; CA-02-16-4)

―――――――――

Submitted:  September 29, 2005          Decided:  October 7, 2005

―――――――――

Before WILKINSON, KING, and GREGORY, Circuit Judges.

―――――――――

Dismissed by unpublished per curiam opinion.

―――――――――

Charles Williams, Appellant Pro Se.  Laura Marie Everhart, Assistant United States Attorney, Norfolk, Virginia, for Appellee.

―――――――――

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Charles Williams, a federal prisoner, seeks to appeal the district court's order denying relief on his motion to vacate judgment pursuant to 28 U.S.C. § 2255 (2000), which Williams attempted to bring under Rule 60(b) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1651 (2000). An appeal may not be taken from the district court's order unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1) (2000). A certificate of appealability will not issue for claims addressed by a district court absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that the district court's assessment of his constitutional claims is debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. See Miller-El v. Cockrell, 537 U.S. 322, 336 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683 (4th Cir. 2001). We have independently reviewed the record and conclude that Williams has not made the requisite showing. Accordingly, we deny a certificate of appealability and dismiss the appeal.

Additionally, we construe Williams' notice of appeal and informal brief on appeal as an application to file a second or successive § 2255 motion. See United States v. Winestock, 340 F.3d

200, 208 (4th Cir. 2003).  In order to obtain authorization to file a successive § 2255 motion, a prisoner must assert claims based on either: (1) a new rule of constitutional law, previously unavailable, made retroactive by the Supreme Court to cases on collateral review; or (2) newly discovered evidence sufficient to establish that no reasonable fact finder would have found the movant guilty.  28 U.S.C. §§ 2244(b)(3)(C), 2255 (2000). Williams' claim does not satisfy either of these conditions.  Therefore, we decline to authorize Williams to file a successive § 2255 motion. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED